1.

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2004 AUG 25 PM 3 26

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )      Civil No.
                               )
KYLE YANDOW,                   )
PAMELA YANDOW,                 )      1:04-cv-225
CITY FEEDS AND LUMBER, CO., INC., )
VERMONT FEDERAL CREDIT UNION,  )
STATE OF VERMONT, DEPARTMENT   )
   OF EMPLOYMENT & TRAINING,   )
AGWAY ENERGY PRODUCTS,         )
EUGENE GOKEY,                  )
MORRIS BELISLE,                )
ELAINE BELISLE,                )
LAURIE BELISLE,                )
HAROLD GARRETT,                )
PAUL BANGS,                    )
PAMELA BANGS,                  )
VALLEY VIEW HOUSING ASSOCIATION, )
BRAD FINELLI,                  )
HEATHER FINELLI,               )
TOWN OF SWANTON,               )
CHEVALIER DRILLING COMPANY, INC., )
CHRYSLER FINANCIAL COMPANY, LLC, )
VERMONT DEPARTMENT OF TAXES,   )
CHITTENDEN BANK,               )
                               )
          Defendants.          )

## COMPLAINT FOR FORECLOSURE BY POWER OF SALE

**NOTICE TO DEFENDANTS**:  IN ORDER TO RECEIVE NOTICE OF THE
FORECLOSURE JUDGMENT, YOU ARE REQUIRED BY LAW TO ENTER AN
APPEARANCE IN THIS ACTION EITHER THROUGH AN ATTORNEY OR ON YOUR
OWN BEHALF AFTER SERVICE HAS BEEN MADE UPON YOU BY THE UNITED
STATES OF AMERICA AND YOU HAVE RETURNED YOUR WAIVER OF SERVICE
OF SUMMONS TO THE OFFICE OF THE UNITED STATES ATTORNEY.  IF SUCH
APPEARANCE IS NOT FILED WITH THE CLERK OF THE UNITED STATES
DISTRICT COURT WITHIN SIXTY (60) DAYS OF SERVICE OF THIS
COMPLAINT, YOU WILL NOT RECEIVE NOTICE OF THE FORECLOSURE
JUDGMENT WHICH WILL SET FORTH THE AMOUNT OF MONEY YOU MUST
DEPOSIT TO REDEEM THE PROPERTY AND THE AMOUNT OF TIME ALLOWED
YOU TO REDEEM THE PROPERTY.

**NOTICE TO ALL TENANTS AND OCCUPANTS OF REAL PROPERTY AS REQUIRED BY 12 V.S.A. 4523(c)(2):**

**THE PROPERTY IN WHICH YOU LIVE IS BEING FORECLOSED UPON. YOU ARE NAMED AS A DEFENDANT IN THE FORECLOSURE BECAUSE YOUR RIGHT TO REMAIN ON THE PREMISES MAY END WHEN THE FORECLOSURE IS COMPLETED. YOU MUST NOTIFY THE COURT OF YOUR NAME AND ADDRESS IN ORDER TO BE KEPT INFORMED OF THE STATUS OF THE FORECLOSURE.**

**YOU ARE ALSO ADVISED, PURSUANT TO 12 V.S.A. § 4523 (c)(3), THAT, IN THE EVENT THE OWNER IS UNABLE TO REDEEM THE PREMISES, YOU MAY BE REQUIRED TO VACATE THE PREMISES UPON 30 DAYS NOTICE.**

The United States of America, by its attorney, David V. Kirby, Acting United States Attorney for the District of Vermont, brings this Complaint and states as follows:

### Introduction, Jurisdiction and Parties

1. This is a civil action to foreclose by power of sale a mortgage given by Kyle Yandow and Pamela Yandow ("the borrowers"), to the plaintiff, United States of America ("the United States"), on or about November 18, 1993.

2. This Court has jurisdiction in this matter under 28 U.S.C. § 1345 and 42 U.S.C. § 1490a.

3. On information and belief the last known addresses of the defendants are as follows:

Kyle Yandow
2012 Highgate Road
St. Albans, VT 05478

Pamela Yandow
c/o Dale Correctional Facility
103 South Main Street
Waterbury, VT 05671-3001

City Feeds and Lumber, Co., Inc.
44 Lower Newton Street
St. Albans, VT 05478

Vermont Federal Credit Union
84 Pine Street
Burlington, VT 05401

State of Vermont, Department
of Employment & Training
J. Wallace Malley, Jr., Esq.
State of Vermont
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001

Agway Energy Products
12 Berard Drive
So. Burlington, VT 05403

Eugene Gokey
12 The Village Green
Swanton, VT 05488

Morris Belisle
2018 Highgate Road
St. Albans, VT 05478

Elaine Belisle
2018 Highgate Road
St. Albans, VT 05478

Laurie Belisle
2018 Highgate Road
St. Albans, VT 05478

Harold Garrett
5 Foundry Street
Swanton, VT 05488

Paul Bangs
PO Box 251
Highgate Springs, VT 05460

Pamela Bangs
PO Box 251
Highgate Springs, VT 05460

3

Valley View Housing Association
c/o Robert A. Mellow, Esq.
1795 Williston Road
So. Burlington, VT 05403

Brad Finelli
Mac's Quick Stop
233 South Main Street
St. Albans, VT 05478

Heather Finelli
Mac's Quick Stop
233 South Main Street
St. Albans, VT 05478

Town of Swanton
PO Box 867
Swanton, VT 05488

Chevalier Drilling Company, Inc.
PO Box 164
Highgate Springs, VT 05460

Chrysler Financial Company, LLC
c/o Bauer, Anderson & Gravel
PO Box 607
Burlington, VT 05402-0607

Vermont Department of Taxes
J. Wallace Malley, Jr., Esq.
State of Vermont
Office of the Attorney General
109 State Street
Montpelier, VT 05609-1001

Chittenden Bank
PO Box 820
Burlington, VT 05402-0820

4.   Defendant City Feeds and Lumber, Co., Inc. has been has
been named as a party to this action because it claims or may
claim to have some interest in or liens upon the mortgaged
premises, or some part thereof, by virtue of two liens filed in
the Swanton Land Records in Book VIII pages 246 and 258.  The
interest or liens, if any, are subsequent or subordinate to the

mortgage which is the subject of this action.

5. Defendant Vermont Federal Credit Union has been named as a party to this action because it claims or may claim to have some interest in or liens upon the mortgaged premises, or some part thereof, by virtue of two liens filed in the Swanton Land Records in Book VIII pages 278 and 279. The interest or liens, if any, are subsequent or subordinate to the mortgage which is the subject of this action.

6. Defendant State of Vermont, Department of Employment & Training has been named as a party to this action because it claims or may claim to have some interest in or liens upon the mortgaged premises, or some part thereof, by virtue of the following liens:

| Date | Book | Page |
|------|------|------|
| 08/27/96 | VIII | 312 |
| 01/28/97 | IX | 1 |
| 11/25/98 | IX | 94 |
| 12/01/99 | IX | 129 |
| 08/18/99 | IX | 114 |

The liens were filed in the Swanton Land Records. The interest or liens, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

7. Defendant Agway Energy Products has been named as a party to this action because it claims or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien dated July 31, 1996, and filed on October 8, 1996, in the Swanton Land Records in Book VIII page

5

320.  The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

8.  Defendant Eugene Gokey has been named as a party to this action because he claims or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien filed on August 22, 1997, in the Swanton Land Records in Book IX page 37.  The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

9.  Defendants Morris Belisle, Elaine Belisle, Laurie Belisle, and Harold Garrett have been named as parties to this action because they claim or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien filed on November 12, 1997, in the Swanton Land Records in Book 145 pages 444-448.  The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

10.  Defendants Paul Bangs and Pamela Bangs have been named as parties to this action because they claim or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien filed on August 12, 1998, in the Swanton Land Records in Book IX page 89.  The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

11.  Defendant Valley View Housing Association has been named as a party to this action because it claims or may claim

to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien dated April 3, 1998 and filed on April 22, 1999, in the Swanton Land Records in Book IX page 107. The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

12. Defendants Brad Finelli and Heather Finelli have been named as parties to this action because they claim or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien filed on January 20, 2000, in the Swanton Land Records in Book IX page 134. The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

13. Defendant Town of Swanton has been named as a party to this action because it claims or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien filed on May 8, 2000, in the Swanton Land Records in Book 162 pages 63-65. The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

14. Defendant Chevalier Drilling Company, Inc. has been named as a party to this action because it claims or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien filed on January 9, 2001, in the Swanton Land Records in Book IX page 241. The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

7

15.   Defendant Chrysler Financial Company, LLC has been named as a party to this action because it claims or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien dated April 14, 2000 and filed on April 8, 2003, in the Swanton Land Records in Book 191 pages 380-381.  The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

16.   Defendant Vermont Department of Taxes has been named as a party to this action because it claims or may claim to have some interest in or lien upon the mortgaged premises, or some part thereof, by virtue of a lien filed on July 29, 2003, in the Swanton Land Records in Book X page 66.  The interest or lien, if any, is subsequent or subordinate to the mortgage which is the subject of this action.

17.   Defendant Chittenden Bank has been named as a party to this action because it claims or may claim to have some interest in or liens upon the mortgaged premises, or some part thereof, by virtue of two liens filed on October 30, 2003, in the Swanton Land Records in Book X pages 90 and 91.  The interest or liens, if any, are subsequent or subordinate to the mortgage which is the subject of this action.

### Foreclosure By Power of Sale

18.   On or about November 18, 1993, Kyle Yandow and Pamela Yandow duly executed to the United States of America, a real estate mortgage covering certain land and premises described therein.  Paragraph 24 of the mortgage reserves to the United

8

1:04-cv-00225-jgm    Document 1    Filed 08/25/04    Page 9 of 33

States the right to foreclose the mortgage as authorized by state and/or federal laws, including but not limited to foreclosure by power of sale. A copy of the mortgage is attached to and made a part of this complaint as Exhibit A.

19.   The mortgage was duly recorded on November 22, 1993, in the Swanton Land Records in Book 129, Pages 238-241.

20.   The mortgage was conditioned upon the payment of a certain promissory note dated November 18, 1993, in the principal sum of $86,280.00 bearing interest at the rate of 6.5% per annum. A copy of the note is attached to and made a part of this complaint as Exhibit B.

21.   The mortgage further secures repayment of any subsidy granted to the borrowers in the form of interest credit pursuant to a Subsidy Repayment Agreement dated November 18, 1993. A copy of said agreement is attached to and made a part of this complaint as Exhibit C.

22.   The note was modified by virtue of a Reamortization and/or Deferral Agreement dated May 18, 1999. A copy of the Reamortization and/or Deferral Agreement is attached to and made a part of this complaint as Exhibit D.

23.   An interest credit agreement was in effect from November 18, 1993 to September 17, 2003. Pursuant to 42 U.S.C. § 1490a and the terms of the mortgage, any interest credit assistance received on any mortgages given on or after October 1, 1979 is subject to recapture upon the disposition of the property.

24.   The note provides that upon default by the borrowers

of any payment, the United States at its option may declare all or any part of any such indebtedness immediately due and payable. Because the borrowers have defaulted on the note, acceleration and demand for full payment took place on April 26, 2003.

25. Though demand has been made, the borrowers have refused, neglected or have been unable to pay the amounts due pursuant to the terms of the note. There is due and owing by the borrowers to the United States of America as of February 5, 2004, the principal sum of $25,209.66 plus interest in the amount of $2,406.29, which interest accrues at the daily rate of $4.9227. There is further due and owing interest credit subsidy subject to recapture and principal reduction attributed to subsidy in the amount of $19,971.03, as described in paragraph 23 above and fees assessed at $3,764.31.

26. On information and belief, in order that it may protect and preserve its security, the United States may be compelled to make advancements for payment of taxes, hazard insurance, water and sewer charges, or other municipal assessments. Although the nature and amount of such expenses are unknown to the United States at this time, the United States seeks recovery of those expenses, together with interest thereon.

27. No other action has been brought to enforce the provisions of the aforesaid promissory note and real estate mortgage, and all conditions precedent to the bringing of the

action have been performed or have occurred.

28.   The United States has complied with the requirements
of all applicable servicing regulations.

WHEREFORE, THE PLAINTIFF PRAYS:

a.    That the defendants' equity of redemption be
      foreclosed in accordance with law;

b.    That the Court enter pursuant to the United
      States' exercise of its rights to a foreclosure
      by public sale, an order for public sale of
      the mortgaged premises;

c.    That the Court award expenses incurred by
      plaintiff to preserve and protect its
      security;

d.    That the Court fix and allow attorney's fees
      and other costs and expenses incident to this
      proceeding;

e.    That the United States of America be granted
      a writ of possession in the mortgaged premises;

f.    And for such other and further relief as this
      Honorable Court may deem just and equitable.

Dated at Burlington, in the District of Vermont, this 5ᵗʰ
day of ＿＿＿＿＿＿＿＿＿, 2004.

                         UNITED STATES OF AMERICA

                         DAVID V. KIRBY
                         Acting United States Attorney

                         By: _____
                         MELISSA A. D. RANALDO
                         Assistant U.S. Attorney
                         P.O. Box 570
                         Burlington, VT  05402
                         (802)951-6725

11

*Position 5*

USDA-FmHA
Form FmHA 427-1 VT
(Rev. 2-91)

## REAL ESTATE MORTGAGE FOR NEW HAMPSHIRE, VERMONT AND VIRGIN ISLANDS

THIS MORTGAGE is made and entered into by __Kyle Yandow and Pamela Yandow,__

__husband and wife__

residing in _____ __Swanton, Franklin__ _____ County, or Judicial Division,

State or Territory of _____ __Vermont__ _____ , whose post

office address is __RR #1, Box 264A, St. Albans, VT 05478__ _____ , in said State,
herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States
Department of Agriculture, herein called the "Government," and:

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption
agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower,
is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| *Date of Instrument* | *Principal Amount* | *Annual Rate of Interest* | *Due Date of Final Installment* |
|---|---|---|---|
| 11/18/93 | $86,280.00 | 6.5% | 11/18/2026 |

*[handwritten stamp:]* Vermont 11-22 A.D. 1993

Received for record at 9:21 A.M.

And recorded in Vol. 122 Page 238/241

Attest *[signature]* Francisco D. Edwards

TOWN CLERK

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument
may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the
payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949
or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the
Government, or in the event the Government should assign this instrument without insurance of the note, this instrument
shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of
the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage
to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower
by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Re-
capture Agreement entered into pursuant to 7 U.S.C. §2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in
the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt
payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision
for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure per-
formance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance
endorsement by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of
all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every
covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant,
convey, mortgage, assign and forever warrant unto the Government the following property situated in

the County of _____ __Franklin__ _____ , State of New Hampshire or Vermont, or Judicial Division _____ ,
Territory of the Virgin Islands.

## See Schedule A attached.

FmHA

GOVERNMENT EXHIBIT

A

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)    To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)    To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)    If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)    Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)    All advances by the Government, including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)    To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)    To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)    To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)    To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)    To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefits of any such State or Territorial laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at City Center, 3rd Floor, 89 Main St., Montpelier, VT 05602, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms as may be required by statute or as may be determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(25)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

PROVIDED that if all the indebtedness hereby secured is duly paid and each and every covenant, condition, agreement, and obligation, contingent or otherwise, contained herein, secured hereby or arising hereunder is fully performed and discharged, this mortgage shall be void,; otherwise to remain in full force and effect.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this ——— 18th ———

day of ——— NOVEMBER ———, 19 93 .

Signed, sealed, and delivered in the presence of:

_____ (Witness)    _____ (SEAL)
                                                Kyle Yandow

_____ (Witness)    _____ (SEAL)
Linda B. Clark                                  Pamela Yandow

STATE OR TERRITORY OF ——— VERMONT ———

COUNTY OR JUDICIAL DIVISION OF ——— FRANKLIN ———                    **ACKNOWLEDGMENT**

On this ——— 18th ——— day of ——— November ———, 19 93 , before me, the undersigned, a Notary Public in and

for said State or Territory and County or Judicial Division, personally appeared ———————————————

——— Kyle Yandow and Pamela Yandow, husband and wife, ———,

individually known to me and by me known to be the parties executing the foregoing instrument, and to me acknowledged the said instrument to be executed by them as their free act and deed.

IN WITNESS WHEREOF, I hereunto set my hand and official seal on the date above written.

My commission expires _____    _____
                                                        *Notary Public.*

*(NOTARIAL SEAL)*                                  *U.S. Government Printing Office: 1991 — 555-786

## SCHEDULE A

Being an L-shaped parcel of land consisting of 1.12 acres, more or less, together with the buildings thereon, located on the westerly side of the main highway leading from St. Albans City to Highgate Falls, and commonly known as Vermont Highway #207.

Said land and premises are more fully described as follows:  Beginning at a point in the westerly edge of Vermont Highway #207, which point marks the northeast corner of land now or formerly of Edward Belisle; thence N 45 degrees 54' 10" W a distance of 156.21 feet, more or less, to an iron rod; thence S 37 degrees 21' 50" W a distance of 180.40 feet, more or less, to an iron rod; thence N 47 degrees 21' 04" W a distance of 131.77 feet, more or less, to a point in a barbed wire fence; thence N 37 degrees 21' 50" E a distance of 250.99 feet, more or less, to a point in a barbed wire fence; thence S 54 degrees 33' 59" E a distance of 284.09 feet, more or less, to a point in the westerly edge of Vermont Highway #207; thence S 36 degrees 04' 13" W along the westerly edge of Vermont Highway #207 a distance of 110 feet, more or less, to the point or place of beginning.

Reference is further made to a survey entitled, "Theodolite & E.D.M. Survey, Paul Poquette and Clark Hubbard, Vt. Route 207, Swanton, Vermont, dated January, 1989, revised 4/30/89, 6/1/91 and 8/28/91, prepared by Benchmark Surveying & Engineering," which map is filed as Map #89 in Book IV of the Swanton Map Records.

Said land and premises are bounded, now or formerly, substantially as follows:  On the north by Claude and Colleen Root; on the east by Vermont Highway #207, Maurice Belisle and Edward Belisle; on the south by Maurice Belisle, Edward Belisle and Orrin Bliss; and on the west by lands of Hubbard and Poquette.

Also conveyed herewith by quit-claim only is any interest the Mortgagors may have in and to any land lying within the highway right-of-way.

The aforesaid property is subject to an easement and right-of-way from Lester Root and Alice M. Root to Claude P. Root and Colleen M. Root, dated October 11, 1973 and recorded in Book 81, Page 267 of the Swanton Land Records, viz:

> "Being an easement and right of way to draw water through the existing water system leading from the home of the Grantors to the dwelling now occupied by the Grantees, on the west side of the main highway leading from Highgate to St. Albans.
>
> Included in this conveyance the right to building, construct, repair and maintain the aforesaid water system and the right to enter upon the property of the Grantors for this purpose.  It is understood and agreed, however, that any property disturbed by such construction or repair shall be immediately be returned to the original condition.  This right-of-way shall run with the land."

The aforesaid easement affects a well and water system located on the parcel conveyed herein.

Being all and the same land and premises conveyed to Kyle Yandow and Pamela Yandow by Warranty Deed of Phelicia Poquette, of even date, to be recorded in the Town of Swanton Land Records.

Reference may be made to the above deeds and survey and to the deeds and records therein cited in further aid of this description.

12/31/2003 WED 11:04 FAX 802 524 4575    USDA ST. ALBANS VT    ST ALBAN AREA OFFICE

Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

Yandow, Kyle

| TYPE OF LOAN | | STATE |
|---|---|---|
| RH-I | | VERMONT |

STATE
VERMONT
COUNTY
FRANKLIN
CASE NO.
53-006-009626403

Date ___NOVEMBER 1_____, 19_93_.

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

___ST. ALBANS, VERMONT  05478_____,

THE PRINCIPAL SUM OF ___EIGHTY SIX THOUSAND TWO HUNDRED AND EIGHTY DOLLARS AND NO/100——

DOLLARS ($ 86,280.00——————————————————), plus INTEREST on the UNPAID PRINCIPAL of

_SIX AND ONE HALF_____ PERCENT ( ___6.50___ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.    Principal and Interest payments shall be deferred. The interest accrued to _____, 19____

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below:

☒ III.    Payments shall not be deferred. Principal and Interest shall be paid in __396_____ installments as indicated in the box below:

$ ___530.00_____ on ___December 1_____, 19_93_, and

$ ___530.00_____ thereafter on the __17____ of each ___month___
until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** THIRTY THREE    ( ___33___ ) **YEARS**
from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

**GOVERNMENT EXHIBIT**

**B**

It the total amount of the loan is not advanced at the time of loan closing, the advance not at loan closing will be advanced as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

Presentment, protest, and notice are hereby waived.

**A REAMORTIZATION AGREEMENT DATED** _5/8/99_
**IN THE PRINCIPAL SUM OF $** _100,983. 71_
**HAS BEEN GIVEN TO MODIFY THE PAYMENT**
**SCHEDULE OF THIS NOTE.**

_Kyle Yandow_                    (BORROWER)    (SEAL)

_Pamela J Yandow_            (CO-BORROWER)    (SEAL)

RR 1 Box 264 A

St. Albans, Vermont   05478

| | RECORD OF ADVANCES | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 86,280.00 | 11/02/93 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $86,280.00 | 11/02/93 |

1:04-cv-00225-jgm   Document 1   Filed 08/25/04   Page 20 of 33

FmHA Instruction 1951-I
Exhibit A



## UNITED STATES DEPARTMENT OF AGRICULTURE
## FARMERS HOME ADMINISTRATION

### Subsidy Repayment Agreement

Date of Note 11/18/93 Amount of Note 86,280 00 Date of mortgage  11/18/1993

Date of Note _____   Amount of Note _____   Date of mortgage _____

Type of assistance:                          1. Interest credit /xx/
                                             2. Homeownership Assistance
                                                Program /   /

Address of Property:  RR 1 Box 264 A

                      St. Albans, Vermont  05478

            BORROWER:  KYLE E. YANDOW

         CO-BORROWER:  PAMELA J. YANDOW

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

GOVERNMENT
EXHIBIT

C

12/31/2003 WED 11:06 FAX 802 524 4575    USDA ST. ALBANS VT    →→→ AREA OFFICE_____ ☑008

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

    (a)  Unpaid balance of loans secured by a prior mortgage as well as
    real estate taxes and assessments levied against the property which
    are due will be paid.

    (b)  Unpaid principal and interest owed on FmHA RH loans for the
    property and advances made by FmHA which were not subsidy and are
    still due and payable will be paid to the Government.

    (c)  I (we) will receive from the sale proceeds actual expenses
    incurred by me (us) necessary to sell the property.  These may include
    sales commissions or advertising cost, appraisal fees, legal and
    related costs such as deed preparation and transfer taxes.  Expenses
    incurred by me (us) in preparing the property for sale are not allowed
    unless authorized by the Government prior to incurring such expenses.
    Such expenses will be authorized only when FmHA determines such expenses
    are necessary to sell the property, or will likely result in a return
    greater than the expense being incurred.

    (d)  I (we) will receive the amount of principal paid off on the
    loan calculated at the promissory note interest rate.

    (e)  Any principal reduction attributed to subsidized interest
    calculations will be paid to the Government.

    (f)  I (we) will receive my original equity which is the difference
    between the market value of the security, as determined by the
    FmHA appraisal at the time the first loan subject to recapture of
    subsidy was made, and the amount of the FmHA loan(s) and any
    prior lien. This amount is _____-0-_____ and represents
    _____-0-_____ percent of the market value of the security.  (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by
the market value of the security when the loan was closed.)  The
dollar amounts and percent will be entered at the time this agreement
is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f)
above have been paid is called value appreciation.  The amount of
value appreciation to be paid to the Government, in repayment or
the subsidy granted, is the lesser of (1) the full amount of the subsidy or
(2) an amount determined by multiplying the value appreciation by the
appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the
amount paid the Government as determined in (g) above.  I (we) will
also receive an additional amount in proportion to my original equity
by reducing the amount of value appreciation due to the Government by
the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation
to be recaptured will be calculated as if I (we) had paid 1 percent
interest on the loan, unless the average interest rate paid by me (us)
was greater than 1 percent.  In such cases it will be determined based
on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount
of repayment determined in (g) above will be reduced by the following
percent:_____.  This percent will be determined by dividing the
amount of the loan(s) subject to recapture by the total outstanding
RH debt.  This percentage will be entered at the time I (we) sign this
agreement.

(k)  If this agreement is for more than one loan that is subject to
recapture, the subsidy repayment computations will be based on the total
subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4


7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.


_____    Borrower
Kyle Yandow

_____    Co-Borrower
Pamela Yandow
11/18/93
_____
Date signed


Accepted and Agreed to
By _____    (FmHA Official)
Gregory E. Mruk
County Supervisor                  (Title)


_____11/23/93_____
Date


oOo

12/31/2003 WED 11:05 FAX 802 524 4575        USDA ST. ALBANS VT        AREA OFFICE        ☑005

# REAMORTIZATION AGREEMENT

Account Number                           Effective Date
6479058                                  May 18, 1999

The United States of America, acting through the Rural Housing Service,
United States Department of Agriculture (Lender), is the owner and
holder of a promissory note or assumption agreement (Note) in the
principal sum of $    86280.00, plus interest on the unpaid principal of
  6.50000% per year, executed by KYLE S YANDOW                    and
PAMELA J YANDOW                , (Borrower) dated  November 18, 1993
and payable to the order of the Lender.  The current outstanding balance
includes unpaid principal, accrued unpaid interest, unpaid advances and
fees.  The total outstanding balance is $   100983.71.

In consideration of the reamortization of the note or assumption
agreement and the promises contained in this agreement, the outstanding
balance is capitalized and is now principal to be repaid at  6.50000%
per annum at $     657.60 per month beginning   June 18, 1999 and on
the 18th day of each succeeding month until the principal
and interest are paid, except that the final installment of the
entire debt, if not paid sooner, will be due and payable on
 November 18, 2026.

Subject to applicable law or to a written waiver by Lender, Borrower
shall pay to lender on the day monthly payments are due under the Note,
until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes
and assessments which may attain priority over Lender's mortgage or deed
of trust (Security Instrument) as a lien on the secured property
described in the Security Agreement (Property); (b) yearly leasehold
payments or ground rents on the Property, if any; (c) yearly hazard or
property insurance premiums; and (d) yearly flood insurance premiums, if
any.  These items are called "Escrow Items."  Lender may, at any time,
collect and hold funds in an amount not to exceed the maximum amount a
lender for a federally related mortgage loan, may require for Borrower's
escrow account under the federal Real Estate Settlement Procedures Act
of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq.
("RESPA"), unless another law or federal regulation that applies to the
funds sets a lesser amount.  If so, Lender may, at any time, collect and
hold funds in an amount not to exceed the lesser amount.  Lender may
estimate the amount of Funds due on the basis of current data and
reasonable estimates of expenditures of future Escrow Items or otherwise
in accordance with applicable law.

The funds shall be held by a federal agency, including Lender, or in an
institution whose deposits are insured by a federal agency,
instrumentality, or entity.  Lender shall apply funds to pay the Escrow
Items.  Lender may not charge Borrower for holding and applying the
Funds, annually analyzing the escrow account, or verifying the Escrow
Items, unless Lender pays Borrower interest on the Funds and applicable
law permits the Lender to make such charge.  However, Lender may require



*D9000021303* L9211900

borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made.  The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_____ Date 5/2/99
Borrower

_____ Date 5/29/99
Borrower

To: Major Holly

From: Mount Snow Resort, Vermont

Here is the list of units that will be available to you to use during your weekend here 11/03/00.
The list is, unfortunately, the clearest copy that we have. Below is an explanation of the codes that will
allow you to determine the features of a unit.

Pg 2-5 – Grand Summit Hotel
  QU – Queen Bed
  SS – Sleep Sofa
  KG – King Bed
  MB – Murphy Bed
  DK – Deck
  LF – Loft
  SK – Smoking
  NS – Non-Smoking
  M – Mountain View
  V – Valley View
  X – No View
All units except Hotel Rooms (GH4/GH2 under type) include a full kitchen, which does not appear in the
feature codes. The features of UC, UH, UE etc, as well as SU, are used by our real-estate market, and have
no bearing to the features of the room.

Pg 6-7 – Snow Lake Lodge
  AC – Air Conditioning, (Unnecessary in November!!)
  SS – Sleep Sofa
  SB – Shuttle Bus
  VR – Value Room, (Smaller than Average room)
  PR – Parlor Room, (Larger than Average room)
  KG – King Bed
Features at the Snow Lake Lodge are really determined through the *Type* code (Third column).
  First letter determines property (ie. L – Snow Lake Lodge.)
  Second letter determines type (ie. H – Hotel room, D – Small Suite.)
  Third letter determines beds (ie. F – 2 Double Beds, K – 1 King Bed.)
  Fourth letter determines smoking (ie. S – Smoking, N – Non-smoking.)
  Fifth letter determines view (ie. V – View, No letter – No View.)
Suites at the Snow Lake Lodge are 2 rooms, one set up as a hotel room, the other a small living room with a
pull out sleep-sofa and a small refrigerator. No kitchens at the Snow Lake Lodge.

Pg 8-9 – Seasons Condominiums
  QU – Queen Bed
  TW – Two Twin Beds
  KG – King Bed
  SS – Sleep Sofa
  CH – Two Twins made up as a king. (Can be separated to Two Twins.)
  BB – Bunk Beds (Bottoms made as twins only. Basically two twins.)
  F# - Floor Number
  ## - Number of Bathrooms
  NS – Non Smoking
  SK – Smoking
  LF – Loft
  WD – Washer/Dryer
All condominium units have a full kitchen, and a fireplace in the living room.

Any questions give us a call!

10/17/00  TUE 11:05 FAX 5184384907        ALBANY APA                    ☒003
10/17/00  10:40 FAX 8024646610          GRAND SUMMIT GMS            02

```
UNITS AND OWNERS      Friday  10/13/00                        User - AB

Sr Number  Type  Rat  Ext.   Features                              Description
   101     G14    M   6101   UC,QU,SS,DK,M ,NS , ,   ,   ,         One Bedroom 4
   102     G14    M   6102   UC,QU,SS,DK,SK,V ,   ,   ,   ,        One Bedroom 4
 3 G103    GH4    M   6103   UH,QU,QU,NS,X ,   ,   ,   , ,SU       Hotel Room
 4 G104    GA4    M   6104    ,MB,SS,NS,X ,   ,   ,   ,            Studio 4
 5 G105    GA4    M   6105   UH,MB,SS,NS,X ,   ,   ,   , ,SU       Studio 4
 6 G106    GH4    M   6106   UE,QU,QU,DK,NS,X ,   ,   , ,SU        Hotel Room
 7 G107    GA4    M   6107   UL,MB,SS,NS,X ,   ,   ,   , ,SU       Studio 4
 8 G108    GB2    M   6108   UE,MB,NS,DK,X ,   ,   ,   ,           Studio 2
 9 G109    GH4    M   6109   UL,QU,QU,NS ,DK, ,   ,   , ,SU        Hotel Room
10 G110    GA2    M   6110   UA,QU,NS,X ,HC ,   ,   ,              Studio 2 Handicapped
11 G111    G14    M   6111   UC,MB,KG,DK,SK,V ,   ,   ,            1 Bedroom 4
12 G112    GH4    M   6112   UH,QU,QU,NS,X ,   ,   ,   , ,SU       Hotel Room
13 G113    GA4    M   6113   UA,MB,SS,NS,M ,   ,   ,   ,           Studio 4
14 G114    GA4    M   6114   UH,MB,SS,NS,X ,   ,   ,   , ,SU       Studio 4
15 G115    GH4    M   6115   UE,QU,QU,DK,NS,M ,   ,   , ,SU        Hotel Room
16 G116    GB2    M   6116   UB,MB, ,DK,NS,X ,   ,   ,             Studio 2
17 G117    GB2    M   6117   UE,MB, ,DK,NS,M ,   ,   , ,SU         Studio 2
19 G119    GA4    M   6119   UA,MB,SS,NS,M ,   ,   ,   ,           Studio 4
 3 G121    GA4    M   6121   UA,MB,SS,NS,M ,   ,   ,   ,           Studio 4
 4 G122    G16    M   6122   UD,QU,MB,SS,DK,SK,V ,   ,             One Bedroom 6
 5 G123    GH4    M   6123   UL,QU,QU,DK,NS,M ,   ,   , ,SU        Hotel Room
 6 G124    G16    M   6124   UD,QU,SS,SS,DK,NS,V ,   ,             One Bedroom 6
 7 G125    GA4    M   6125   UL,MB,SS,NS,M ,   ,   ,   , ,SU       Studio 4
 8 G126    GA2    M   6126   UA,QU,NS,V ,HC ,   ,   ,              Studio 2 Handicapped
 9 G128    G14    M   6128   UC,QU,NS,V ,   ,   ,   ,              One Bedroom 4
   G130    GA4    M   6130   UH,MB,SS,NS,V ,   ,   ,   , ,SU       Studio 4
   G132    GH4    M   6132   UK,QU,QU,NS,M ,   ,   ,   , ,SU       Hotel Room
   G134    G16    M   6134   UD,QU,MB,SS, ,DK,NS,X ,   ,           One Bedroom 6
13 G136    G16    M   6136   UD,QU,MB,SS, ,DK,NS,X ,   ,           One Bedroom 6
14 G138    GA4    M   6138   UL,MB,SS,NS,X ,   ,   ,   , ,SU       Studio 4
15 G140    GH4    M   6140   UL,QU,QU,NS,V ,DK, ,   , ,SU          Hotel Room
16 G142    GA4    M   6142   UL,MB,SS,NS,V ,   ,   ,   , ,SU       Studio 4
17 G143    GA2    M   6143   UA,QU,NS,X ,HC ,   ,   ,              Studio 2 Handicapped
18 G144    GH4    M   6144   UL,QU,QU,NS,V ,DK, ,   , ,SU          Hotel Room
19 G145    GB2    M   6145   UE,MB,NS,M , ,DK, ,   , ,SU           Studio 2
 3 G147    GH4    M   6147   UE,QU,QU,NS,X ,DK, ,   , ,SU          Hotel Room
 4 G148    GA4    M   6148   UL,MB,SS,SK,V ,   ,   ,   , ,SU       Studio 4
 6 G150    GH4    M   6150   UL,QU,QU,SK,V ,DK, ,   , ,SU          Hotel Room
 8 G152    GA4    M   6152   UA,MB,SS,NS,V ,   ,   ,   ,           Studio 4
 9 G153    GA4    M   6153   UA,MB,SS,NS,X ,   ,   ,   ,           Studio 4
10 G154    GH2    M   6154   UL,KG,NS,M , ,DK, ,   , ,SU           Hotel Room 2
11 G155    GA4    M   6155   UA,MB,SS,SK,M ,   ,   ,   ,           Studio 4
12 G156    GA4    M   6156   UL,MB,SS,NS,M ,DK, ,   , ,SU          Studio 4
14 G158    GH4    M   6158   UL,MB,QU,NS,X ,   ,   ,   , ,SU       hotel 4
15 G159    G16    M   6159   UD,QU,MB,SS, ,DK,NS,X , ,SU           One Bedroom 6
16 G160    GH2    M   6160   UL,KG,NS,M , ,DK, ,   , ,SU           Hotel Room 2
17 G161    GH4    M   6161   UA,QU,QU,NS,X ,   ,   ,   , ,SU       Hotel Room
18 G162    GA4    M   6162   UB,MB,SS,NS,X ,   ,   ,   , ,SU       Studio 4
19 G163    GA4    M   6163   UL,MB,SS,NS,X ,   ,   ,   , ,SU       Studio 4
```

| | | | | | |
|---|---|---|---|---|---|
| 2 G164 | GH4 | M | 6164 | UL,QU,QU,NS,M ,DK, , , | ,SU Hotel Room |
| 3 G165 | GH4 | M | 6165 | UL,QU,QU,NS,V ,DK, , , | ,SU Hotel Room |
| 166 | GH4 | M | 6166 | UD,QU,QU,NS,M , , , | ,SU Hotel Room |
| 167 | GH4 | M | 6167 | UL,QU,QU,NS,V ,DK, , , | , Hotel Room |
| 6 G168 | G16 | M | 6168 | UD,QU,MB,SS, ,DK,NS,M | ,SU One Bedroom 6 |
| 7 G169 | GA4 | M | 6169 | UL,MB,SS,NS,V , , , | , Studio 4 |
| 8 G170 | G16 | M | 6170 | UD,QU,MB,SS, ,DK,NS,M | , One Bedroom 6 |
| 9 G172 | GH4 | M | 6172 | UA,QU,QU,NS,M , , , | , Hotel Room |
| 11 G201 | GA4 | M | 6201 | UL,MB,SS,NS,M ,DK, , , | ,SU Studio 4 |
| 12 G202 | G14 | M | 6202 | UC,QU,SS,NS,V ,DK, , | , One Bedroom 4 |
| 13 G203 | GH4 | M | 6203 | UL,QU,QU, ,DK,NS,M , | ,SU Hotel Room |
| 14 G204 | GH4 | M | 6204 | UL,QU,QU, ,DK,NS,X , | ,SU Hotel Room |
| 15 G205 | GA4 | M | 6205 | UA,MB,SS,NS,X , , , | , Studio 4 |
| 16 G206 | GA4 | M | 6206 | UL,MB,SS,NS,X , , , | ,SU Studio 4 |
| 17 G207 | GA4 | M | 6207 | UL,MB,SS,NS,X , , , | ,SU Studio 4 |
| 18 G208 | GA4 | M | 6208 | UL,MB,SS,NS,X , , , | ,SU Hotel Room |
| 19 G209 | GH4 | M | 6209 | UL,QU,QU, ,DK,NS,X , | ,SU Hotel Room |
| 2 G210 | GH4 | M | 6210 | UL,QU,QU, ,DK,NS,V , | ,SU Hotel Room |
| 3 G211 | G14 | M | 6211 | UC,KG,SS,NS,M ,DK, , | , One Bedroom 4 |
| 4 G212 | GA2 | M | 6212 | UA,QU,NS,X ,HC, , | , Studio 2 Handicapped |
| 5 G213 | G16 | M | 6213 | UD,QU,MB,SS,DK,NS,M , | , One Bedroom 6 |
| 6 G214 | GA4 | M | 6214 | UL,MB,SS,NS,X , , , | ,SU Studio 4 |
| 8 G216 | GH4 | M | 6216 | UL,QU,QU, ,DK,NS,X , | ,SU Hotel Room |
| 9 G217 | GA4 | M | 6217 | UA,MB,SS,NS,M , , , | , Studio 4 |
| 10 G218 | GB2 | M | 6218 | UD,MB,NS,X ,DK, , | , Studio 2 |
| 11 G219 | GH4 | M | 6219 | UL,QU,QU,NS,M ,DK, , | ,SU Hotel Room |
| G220 | GA2 | M | 6220 | UA,QU,NS,X ,HC, , | , Studio 2 Handicapped |
| G221 | GA4 | M | 6221 | UL,MB,SS,NS,M , , , | ,SU Studio 4 |
| 14 G222 | G16 | M | 6222 | UD,SS,QU,MB, ,DK,NS,V | , One Bedroom 6 |
| G16 | M | 6230 | UD,QU,MB,SS,NS,V , | , One Bedroom 6 |
| 1 G235 | GA4 | M | 6235 | UL,MB,SS,NS,M , , , | ,SU Studio 4 |
| 3 G237 | GH4 | M | 6237 | UL,QU,QU,NS,M ,DK, , | ,SU Hotel Room |
| 4 G238 | GA4 | M | 6238 | US,MB,SS,NS,V , , , | , Studio 4 |
| 5 G239 | GA4 | M | 6239 | UA,MB,SS,SK,M , , , | , Studio 4 |
| 6 G240 | GA4 | M | 6240 | UA,MB,SS,NS,V , , , | , Studio 4 |
| 7 G241 | GA4 | M | 6241 | UA,MB,SS,NS,M , , , | , Studio 4 |
| 8 G242 | G16 | M | 6242 | UD,QU,MB,SS, ,DK,NS,V | , One Bedroom 6 |
| 9 G243 | GB2 | M | 6243 | UE,MB,NS,M , ,DK, , | ,SU Studio 2 |
| 10 G244 | G16 | M | 6244 | UD,QU,MB,SS, ,DK,NS,V | , One Bedroom 6 |
| 11 G245 | GH4 | M | 6245 | UE,QU,QU,NS,M ,DK, , | ,SU Hotel Room |
| 13 G247 | GA4 | M | 6247 | UA,MB,SS,NS,M , | , Studio 4 |
| 15 G249 | GH4 | M | 6249 | UL,QU,QU,NS,M ,DK,ST, , | ,SU Hotel Room |
| 16 G250 | GH4 | M | 6250 | UE,QU,QU,NS,V , , , | ,SU Hotel Room |
| 17 G251 | GA4 | M | 6251 | UL,MB,SS,NS,M , , , | ,SU Studio 4 |

**UNITS AND OWNERS      Friday  10/13/00**                          **User - AB**

|   | Number | Type | Rat | Ext. | Features | Description |
|---|--------|------|-----|------|----------|-------------|
|   | G253 | GA4 | M | 6253 | UH,MB,SS,NS,M , , , ,SU | Studio 4 |
|   | G254 | GA4 | M | 6254 | UA,MB,SS,NS,V , , , ,SU | Studio 4 |
| 3 | G255 | GH4 | M | 6255 | UH,QU,QU,NS,M , , , ,SU | Hotel Room |
| 5 | G257 | GB2 | M | 6257 | UB,MB,NS,M , ,DK, , | Studio 2 |
| 6 | G258 | GH4 | M | 6258 | UL,QU,QU,NS,V ,DK, , , ,SU | Hotel Room |
| 8 | G260 | GA4 | M | 6260 | UL,MB,SS,NS,V , , , ,SU | Studio 4 |
| 9 | G261 | G14 | M | 6261 | UA,QU,SS, ,DK,NS,M , ,SU | 1 Bedroom 4 / Stairs |
| 10 | G262 | GH2 | M | 6262 | UL,KG,NS,M , ,DK, , ,SU | Hotel Room 2 |
| 11 | G263 | GH4 | M | 6263 | UA,QU,QU, ,DK,NS,X , ,SU | Hotel Room |
| 12 | G264 | GA4 | M | 6264 | UA,MB,SS,NS,M ,DK, , ,SU | Studio 4 |
| 13 | G265 | GH2 | M | 6265 | UA,KG,NS ,DK, , , ,SU | Hotel Room 2 |
| 14 | G266 | GA4 | M | 6266 | UA,MB,SS,NS,X , , , ,SU | Studio 4 |
| 15 | G267 | G16 | 2 | 6267 | UA,SS,SS,MB,NS,KT,KT,02, ,SU | Studio6 / Stairs |
| 16 | G268 | GH2 | M | 6268 | UL,KG,NS,M , ,DK, , ,SU | Hotel Room 2 |
| 17 | G269 | G16 | M | 6269 | UD, ,MB,SS, ,DK,NS,V , ,SU | One Bedroom 6 |
| 18 | G270 | GA4 | M | 6270 | UB,MB,SS,NS,X , , , ,SU | Studio 4 |
| 19 | G271 | GH4 | M | 6271 | UA,QU,QU,NS,V , , , ,SU | Hotel Room |
| 2 | G272 | GH4 | M | 6272 | UB,QU,QU,NS,V ,DK, , , ,SU | Hotel Room |
| 3 | G273 | GA4 | M | 6273 | UL,MB,SS,NS,V , , , ,SU | Studio 4 |
| 4 | G274 | GH4 | M | 6274 | UD,QU,QU,NS,V , , , ,SU | Hotel Room |
| 5 | G275 | GH4 | M | 6275 | UL,QU,QU,NS,V ,DK, , , ,SU | Hotel Room |
| 6 | G276 | G16 | M | 6276 | UA,QU,MB,SS, ,DK,NS,X ,SU | One Bedroom 6 |
| 7 | G277 | GH4 | M | 6277 | UL,QU,QU,NS,V ,DK, , , ,SU | Hotel Room |
| 8 | G278 | G16 | M | 6278 | UD,QU,MB,SS, ,DK,NS,X ,SU | One Bedroom 6 |
|   | G279 | GA4 | M | 6279 | UL,MB,SS,NS,V , , , ,SU | Studio 4 |
|   | G280 | GH4 | M | 6280 | UA,QU,QU,NS,X , , , ,SU | Hotel Room |
| 11 | G282 | GB2 | M | 6282 | UB,MB,NS,X , ,DK, , , | Studio 2 |
| 12 | G301 | G16 | M | 6301 | UD,QU,MB,SS, ,DK,NS,M , | One Bedroom 6 |
| 13 | G302 | G16 | M | 6302 | UD,QU,MB,SS, ,DK,NS,V , | One Bedroom 6 |
| 14 | G303 | GB2 | M | 6303 | UD,MB,NS,M , ,DK, , , | Studio 2 |
| 15 | G304 | GH4 | M | 6304 | UE,QU,QU,NS,V , , , ,SU | Hotel Room |
| 16 | G305 | G16 | M | 6305 | UD,QU,MB,SS, ,DK,NS,M , | One Bedroom 6 |
| 17 | G306 | GB2 | M | 6306 | UE,MB,NS,X , , , , ,SU | Studio 2 |
| 1 | G308 | G16 | M | 6308 | UD,QU,MB,SS, ,DK,NS,V , | One Bedroom 6 |
| 2 | G309 | G2L | M | 6309 | UD,QU,QU,SS, ,DK,NS,M ,LF, | Two Bedroom Loft 6 |
| 3 | G310 | G16 | M | 6310 | UD,QU,MB,SS, ,DK,NS,V , | One Bedroom 6 |
| 4 | G311 | G2L | M | 6311 | UD,QU,QU,SS,NS,M ,LF, , | Two Bedroom Loft 6 |
| 5 | G312 | GH4 | M | 6312 | UL,QU,QU,NS,V ,DK, , , ,SU | Hotel Room |
| 6 | G313 | G2L | M | 6313 | UD,QU,QU,SS, ,DK,NS,M ,LF, | Two Bedroom Loft 6 |
| 7 | G314 | G14 | M | 6314 | UL,KG,SS,NS,V ,LF, , , ,SU | 1 bedroom 4 loft |
| 8 | G315 | G28D | M | 6315 | UH,KG,BK,BK,SS,DK,NS,M , , | Two Bedroom 8 Deluxe |
| 9 | G316 | G14 | M | 6316 | UH,KG,SS,NS,V ,LF, , , ,SU | 1 bedroom 4 loft |
| 10 | G318 | GH2 | M | 6318 | UL,QU,NS,V ,DK, , , ,SU | Hotel Room |
| 11 | G320 | GH2 | M | 6320 | UL,QU,SS,NS,V ,DK, , , ,SU | Hotel Room |
| 12 | G322 | G14 | M | 6322 | UL,QU,SS,NS,V ,LF, , , ,SU | 1 bedroom loft |
| 13 | G324 | G14 | M | 6324 | UL,KG,SS,NS,V ,LF, , , ,SU | 1 bedroom 4 loft |
| 14 | G326 | GH4 | M | 6326 | UL,QU,QU,NS,V ,DK, , , ,SU | Hotel Room |
| 15 | G328 | G16 | M | 6328 | UA,KG,MB,SS,NS,V ,LP, , , | 1 bedroom 6 loft |
| 16 | G330 | GPH | M | 6330 | UP,QU,QU,SS,SS,KG,NS,V , | 3Bed Penthouse Deluxe |
| 17 | G331 | G38 | M | 6331 | US,QU,QU,QU,SS,KG,DK,NS,M , | 3 Bedroom Deluxe |
| 18 | G332 | GH4 | M | 6332 | UL,QU,QU,NS,V ,DK, , , ,SU | Hotel Room |

UNITS AND OWNERS       Friday   10/13/00                          User - AB

| S- | Number | Type | Rat | Ext. | Features | Description |
|---|---|---|---|---|---|---|
|  | G333 | G2L | M | 6333 | UD,QU,QU,SS,  ,DK,NS,M ,LF, | Two Bedroom 6 Loft |
|  | G334 | G14 | M | 6334 | UL,KG,SS,NS,V ,LF,   ,  ,SU | 1bedroom 4 loft |
| 4 | G336 | G14 | M | 6336 | UD,KG,SS,SU,NS,V ,LF,   ,SU | 1 bedroom 4 loft |
| 5 | G337 | G2L | M | 6337 | UD,QU,QU,SS,  ,DK,SK,M ,LF, | Two Bedroom 6 Loft |
| 6 | G338 | GH2 | M | 6338 | UL,QU,SS,NS,V ,DK,   ,  ,SU | Hotel Room |
| 7 | G339 | G14 | M | 6339 | UL,QU,MB,SS,NS,M ,   ,  , | One Bedroom 1 |
| 8 | G340 | GH2 | M | 6340 | UL,KG,SS,NS,V ,DK,   ,  ,SU | Hotel Room |
| 9 | G341 | GB2 | M | 6341 | UE,MB,NS,M ,  ,   ,  ,SU | Studio 2 |
| 10 | G342 | G14 | M | 6342 | UL,KG,SS,NS,V ,LF,   ,  ,SU | 1 bedroom 4 loft |
| 11 | G343 | GH4 | M | 6343 | UE,QU,QU,NS,M ,   ,  ,SU | Hotel Room |
| 12 | G344 | G14 | M | 6344 | UE,KG,SS,SU,NS,V ,LF,   ,  , | 1 bedrrom 4 loft. |
| 13 | G345 | G16 | M | 6345 | US,QU,MB,SS,DK,NS,M ,   ,  , | One Bedroom 6 |
| 14 | G346 | GH4 | M | 6346 | UL,QU,SS,NS,V ,DK,   ,  ,SU | Hotel Room |
| 15 | G348 | GA4 | M | 6348 | UL,MB,SS,NS,V ,  ,   ,  , | Studio 4 |
| 16 | G350 | GB2 | M | 6350 | UE,MB,NS,V ,  ,   ,  ,SU | Studio 2 |
| 17 | G352 | GH4 | M | 6352 | UE,QU,QU,NS,V ,  ,   ,  ,SU | Hotel Room |
| 18 | G353 | G14 | M | 6353 | UL,KG,SS,NS,M ,LF,   ,  ,SU | 1 bedroom 4 loft |
| 19 | G354 | GA4 | M | 6354 | UA,MB,SS,NS,V ,  ,   ,  , | Studio 4 |
| 2 | G355 | GH4 | M | 6355 | UL,QU,QU,NS,M ,DK,   ,  ,SU | Hotel Room |
| 3 | G356 | G16 | M | 6356 | UD,QU,MB,SS,DK,NS,V ,  ,  , | One Bedroom 6 |
| 5 | G358 | GH4 | M | 6358 | UL,QU,QU,NS,M ,DK,   ,  ,SU | Hotel Room |
| 7 | G360 | G14 | M | 6360 | UL,KG,SS,NS,M ,LF,   ,  ,SU | 1 bedroom 4 loft |
| 8 | G361 | GB2 | M | 6361 | UL,MB,NS,V ,  ,DK,   ,  ,SU | Studio 2 |
|  | G362 | G14 | M | 6362 | UL,KG,SS,NS,V ,LF,   ,  ,SU | 1 bedroom 4 loft |
|  | G363 | GH4 | M | 6363 | UL,KG,KG,NS,V ,LF,   ,  ,SU | Hotel Room Loft |
| 11 | G364 | GH4 | M | 6364 | UL,QU,QU,NS,M ,DK,   ,  ,SU | Hotel Room |
| 12 | G365 | G14 | M | 6365 | UL,KG,SS,NS,V ,LF,   ,  ,SU | 1 bedroom 4 loft |
| 13 | G366 | G16 | M | 6366 | UA,KG,MB,SS,NS,M ,LF,   ,  , | 1 bedroom 4 loft |
| 14 | G367 | GH4 | M | 6367 | UL,QU,QU,NS,V ,DK,   ,  ,SU | Hotel Room |
| 16 | G369 | GH4 | M | 6369 | UL,QU,QU,NS,V ,DK,   ,  ,SU | Hotel Room 4 |
| 17 | G370 | G2L | M | 6370 | UD,QU,QU,SS,DK,NS,M ,LF, | Two Bedroom 6 Loft |
| 18 | G371 | G14 | M | 6371 | UL,KG,SS,NS,V ,LF,   ,  ,SU | 1 bedroom 4 loft |
| 19 | G372 | G2L | M | 6372 | UD,QU,QU,SS,DK,NS,M ,LF, | Two Bedroom 6 Loft |
| 2 | G374 | G14 | M | 6374 | UL,KG,SS,NS,V ,LF,   ,  ,SU | 1 bedroom 4 loft |
| 3 | G376 | GH4 | M | 6376 | UL,QU,QU,NS,V ,DK,   ,  ,SU | Hotel Room |

10/17/00  TUE 11:07 FAX 5184384907        ALBANY APA
10/17/00  10:40  FAX 8024848610        GRAND SUMMII GMS                    ☐007

**UNITS AND OWNERS        Friday  10/13/00                    User - AB**

| | Number | Type | Rat. | Ext. | Features | Description |
|---|---|---|---|---|---|---|
| | L101 | LHKN | M | 2101 | KG,AC,SB, , , , , , | Hotel Room wKing NS |
| | L102 | LHFNV | M | 2102 | AC,SB, , , , , , | Non Smoking Hotel Rm |
| 3 | L103 | LHFN | M | 2103 | AC,SB, , , , , , | Non Smoking Hotel Rm |
| 4 | L105 | LHFN | M | 2105 | VR,AC,SB, , , , , | Non Smoking Hotel Rm |
| 5 | L107 | LHFN | M | 2107 | VR,AC,SB, , , , , | Non Smoking Hotel Rm |
| 6 | L114 | LDFSV | M | 2114 | DF,SS,AC,SB, , , , | Suite with 2 Beds |
| 7 | L117 | LHFS | M | 2117 | NE,AC,SB, , , , , | Hotel Room |
| 8 | L118 | LHFSV | M | 2118 | AC,SB, , , , , , | Hotel Room |
| 9 | L119 | LHFS | M | 2119 | AC,SB, , , , , , | Hotel Room |
| 10 | L120 | LHFSV | M | 2120 | AC,SB, , , , , , | Hotel Room |
| 11 | L121 | LHFS | M | 2121 | AC,SB, , , , , , | Hotel Room |
| 12 | L122 | LHFSV | M | 2122 | PR,AC,SB, , , , , | Hotel Room |
| 13 | L123 | LHFS | M | 2123 | PR,AC,SB, , , , , | Hotel Room |
| 14 | L124 | LHFSV | M | 2124 | PR,AC,SB, , , , , | Hote Room |
| 15 | L125 | LHFS | M | 2125 | PR,AC,SB, , , , , | Hotel Room |
| 16 | L126 | LDKSV | M | 2126 | KG,SS,AC,SB, , , , | King Bed Suite |
| 17 | L127 | LDKS | M | 2127 | KG,SS,AC,SB, , , , | King Bed Suite |
| 18 | L200 | LHKNV | M | 2200 | KG,AC,SB, , , , , | Hotel Room wKing NS |
| 19 | L10D | LHKNV | M | 210D | KG,AC,SB, , , , , | Hotel Room wKing NS |
| 1 | L201 | LHKN | M | 2201 | KG,AC,SB, , , , , | Hotel Room wKing NS |
| 2 | L202 | LHFNV | M | 2202 | AC,SB, , , , , , | Non Smoking Hotel Rm |
| 3 | L203 | LHFN | M | 2203 | AC,SB, , , , , , | Non Smoking Hotel Rm |
| 4 | L204 | LHFNV | M | 2204 | , , , , , , | Non Smoking Hotel Rm |
| 5 | L205 | LHFN | M | 2205 | , , , , , , | Non Smkoing Hotel Rm |
| 6 | L206 | LHFNV | M | 2206 | , , , , , , | Non Smoking Hotel Rm |
| 7 | L207 | LHFN | M | 2207 | , , , , , , | Non Smoking Hotel Rm |
| | L209 | LHFN | M | 2209 | VR, , , , , , | Non Smoking Hotel Rm |
| | L210 | LHFNV | M | 2210 | , , , , , , | Non Smoking Hotel Rm |
| 10 | L211 | LHFN | M | 2211 | VR, , , , , , | Non Smoking Hotel Rm |
| 11 | L214 | LDFNV | M | 2214 | DF,SS, , , , , | Suite with 2 Beds NS |
| 12 | L217 | LHFN | M | 2217 | NE, , , , , , | Non Smoking Hotel Rm |
| 13 | L218 | LHFNV | M | 2218 | , , , , , , | Non Smoking Hotel Rm |
| 14 | L219 | LHFN | M | 2219 | , , , , , , | Non Smoking Hotel Rm |
| 15 | L220 | LHFNV | M | 2220 | AC,SB, , , , , | Non Smoking Hotel Rm |
| 16 | L221 | LHFN | M | 2221 | AC,SB, , , , , | Non Smoking Hotel Rm |
| 17 | L222 | LHFNV | M | 2222 | PR,AC,SB, , , , | Non Smoking Hotel Rm |
| 18 | L223 | LHFN | M | 2223 | PR,AC,SB, , , , | Non Smoking Hotel Rm |
| 19 | L224 | LHFNV | M | 2224 | PR,AC,SB, , , , | Non Smoking Hotel Rm |
| 2 | L225 | LHFN | M | 2225 | PR,AC,SB, , , , | Non Smoking Hotel Rm |
| 3 | L226 | LDKNV | M | 2226 | KG,SS,AC,SB, , , | King Bed Suite NS |
| 4 | L227 | LDKN | M | 2227 | KG,SS,AC,SB, , , | King Bed Suite NS |
| 5 | L300 | LHKSV | M | 2300 | KG,AC,SB, , , , | Hotel Room wKing Bed |
| 6 | L301 | LHKS | M | 2301 | KG,AC,SB, , , , | Hotel Room wKing Bed |
| 7 | L302 | LHFSV | M | 2302 | AC,SB, , , , , | Hotel Room |
| 8 | L303 | LHFS | M | 2303 | AC,SB, , , , , | Hotel Room |
| 9 | L304 | LHFSV | M | 2304 | AC,SB, , , , , | Hotel Room |
| 10 | L305 | LHFS | M | 2305 | AC,SB, , , , , | Hotel Room |
| 11 | L306 | LHFSV | M | 2306 | AC,SB, , , , , | Hotel Room |
| 12 | L307 | LHFS | M | 2307 | AC,SB, , , , , | Hotel Room |
| 13 | L308 | LHFSV | M | 2308 | AC,SB, , , , , | Hotel Room |
| 14 | L309 | LHFS | M | 2309 | AC,SB, , , , , | Hotel Room |
| 15 | L310 | LHFSV | M | 2310 | AC,SB, , , , , | Hotel Room |
| 16 | L311 | LHFS | M | 2311 | VR,AC,SB, , , , | Hotel Room |
| 17 | L313 | LHFS | M | 2313 | VR,AC,SB, , , , | Hotel Room |
| 18 | L314 | LDFSV | M | 2314 | DF,SS,AC,SB, , , | Suite with 2 Beds |

10/17/00  TUE 11:07 FAX 5184384907          ALBANY APA                      ☒008
  10/17/00  10:40  FAX 8024646610          GRAND SUMMIT @MS                  ☒07

UNITS AND OWNERS      Friday  10/13/00                                User - AB

| | Number | Type | Rat | Ext. | Features | | | | | | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | L317 | LHFS | M | 2317 | AC,SB,AC,SB, | , | , | , | , | , | Hotel Room |
| | L318 | LHFSV | M | 2318 | AC,SB, | , | , | , | , | , | Hotel Room |
| 3 | L319 | LHFS | M | 2319 | AC,SB, | , | , | , | , | , | Hotel Room |
| 4 | L320 | LHFSV | M | 2320 | AC,SB, | , | , | , | , | , | Hotel Room |
| 5 | L321 | LHFS | M | 2321 | AC,SB, | , | , | , | , | , | Hotel Room |
| 6 | L322 | LHFSV | M | 2322 | PR,AC,SB, | , | , | , | , | , | Hotel Room |
| 7 | L323 | LHFS | M | 2323 | PR,AC,SB, | , | , | , | , | , | Hotel Room |
| 8 | L324 | LHFSV | M | 2324 | PR,AC,SB, | , | , | , | , | , | Hotel Room |
| 9 | L325 | LHFS | M | 2325 | PR,AC,SB, | , | , | , | , | , | Hotel Room |
| 10 | L326 | LDKSV | M | 2326 | KG,SS,AC,SB, | , | , | , | , | , | King Bed Suite |
| 11 | L327 | LDKS | M | 2327 | KG,SS,AC,SB, | , | , | , | , | , | King Bed Suite |
| 12 | L400 | LHKSV | M | 2400 | KG,AC,SB, | , | , | , | , | , | Hotel Room wKing Bed |
| 13 | L401 | LHKS | M | 2401 | KG,AC,SB, | , | , | , | , | , | Hotel Room wKing Bed |
| 14 | L402 | LHFSV | M | 2402 | AC,SB, | , | , | , | , | , | Hotel Room |
| 15 | L403 | LHFS | M | 2403 | AC,SB, | , | , | , | , | , | Hotel Room |
| 16 | L404 | LHFSV | M | 2404 | AC,SB, | , | , | , | , | , | Hotel Room |
| 17 | L405 | LHFS | M | 2405 | AC,SB, | , | , | , | , | , | Hotel Room |
| 18 | L406 | LHFSV | M | 2406 | AC,SB, | , | , | , | , | , | Hotel Room |
| 19 | L407 | LHFS | M | 2407 | AC,SB, | , | , | , | , | , | Hotel Room |
| 2 | L408 | LHFSV | M | 2408 | AC,SB, | , | , | , | , | , | Hotel Room |
| 3 | L409 | LHFS | M | 2409 | AC,SB, | , | , | , | , | , | Hotel Room |
| 4 | L410 | LHFS | M | 2410 | AC,SB, | , | , | , | , | , | Hotel Room |
| 5 | L411 | LHFS | M | 2411 | VR,AC,SB, | , | , | , | , | , | Hotel Room |
| 6 | L412 | LHFSV | M | 2412 | AC,SB, | , | , | , | , | , | Hotel Room |
| 7 | L413 | LHFS | M | 2413 | AC,SB, | , | , | , | , | , | Hotel Room |
| 8 | L414 | LHFSV | M | 2414 | AC,SB, | , | , | , | , | , | Hotel Room |
| | L416 | LDFSV | M | 2416 | DF,SS,AC,SB, | , | , | , | , | , | Hotel Room |
| | L417 | LHFS | M | 2417 | AC,SB, | , | , | , | , | , | Hotel Room |
| 11 | L419 | LHFS | M | 2419 | AC,SB, | , | , | , | , | , | Hotel Room |
| 12 | L420 | LDKSV | M | 2420 | KG,SS,AC,SB, | , | , | , | , | , | King Bed Suite |
| 13 | L421 | LHFS | M | 2421 | AC,SB, | , | , | , | , | , | Hotel Room |
| 14 | L422 | LHFSV | M | 2422 | PR,AC,SB, | , | , | , | , | , | Hotel Room |
| 15 | L423 | LHFS | M | 2423 | PR,AC,SB, | , | , | , | , | , | Hotel Room |
| 16 | L424 | LHFSV | M | 2424 | PR,AC,SB, | , | , | , | , | , | Hotel Room |
| 17 | L425 | LHFS | M | 2425 | PR,AC,SB, | , | , | , | , | , | Hotel Room |
| 18 | L426 | LDKSV | M | 2426 | KG,SS,AC,SB, | , | , | , | , | , | King Bed Suite |
| 19 | L427 | LDKS | M | 2427 | KG,SS,AC,SB, | , | , | , | , | , | King Bed Suite |

10/17/00  TUE 11:07 FAX 5184384907          ALBANY APA
10/17/00  10:40 FAX 8024646610         GRAND SUMMIT GMS                                    ☑009

UNITS AND OWNERS     Friday  10/13/00                                         User - AB

| Sq. | Number | Type | Rat | Ext. | Features | Description |
|---|---|---|---|---|---|---|
| | | | M | | | |
| | | | M | | | |

*(rows obscured by redaction)*

| Sq. | Number | Type | Rat | Ext. | Features | Description |
|---|---|---|---|---|---|---|
| 13 | SA11 | SW2 | M | 1265 | 02,SS,QU,TW,NS,  ,WD,WT,F1,KT | 2 Bedroom |
| 14 | SA12 | SW2 | M | 0570 | 02,SS,QU,TW,SK,  ,WD,WT,F1,KT | 2 Bedroom |
| 15 | SA17 | SW2 | M | 0575 | 02,SS,QU,BB,SK,  ,WD,WT,F1,KT | 2 Bedroom |
| 16 | SA24 | SW2 | M | 0855 | 02,SS,QU,BB,SK,  ,WD,WT,F2,KT | 2 Bedroom |
| 17 | SA27 | SW2 | M | 0444 | 02,SS,QU,TW,SK,  ,WD,WT,F2,KT | 2 Bedroom |
| 18 | SA35 | SW3L | M | 0322 | 03,SS,QU,TW,TW,SK,WD,WT,F3,LF | 3 Bedroom Loft |
| 19 | SA36 | SW3L | M | 0186 | 03,SS,QU,TW,TW,  ,WD,ST,F3,KT | 3 Bedroom Loft |
| .2 | SB14 | SW2 | M | 0543 | 02,SS,QU,TW,SK,  ,WD,WT,F1,KT | 2 Bedroom |
| 3 | SB21 | SW2 | M | 2762 | 02,SS,CH,TW,NS,  ,WD,WT,F2,KT | 2 Bedroom |
| 4 | SB22 | SW2 | M | 0242 | 02,SS,TW,TW,DW,WD,P2,FP,KT,SK | 2 Bedroom |
| 5 | SB23 | SW2 | M | 0333 | 02,SS,QU,TW,NS,  ,WD,WT,F2,KT | 2 Bedroom |
| 6 | SB32 | SW3L | M | 0496 | 03,SS,QU,TW,TW,SK,WD,WT,F3,LF | 3 Bedroom Loft |
| 8 | SC11 | SW2 | M | 2517 | 02,SS,CH,TW,NS,  ,WD,WT,F1,KT | 2 Bedroom |
| 9 | SC22 | SW2 | M | 2641 | 02,SS,KG,TW,NS,  ,WD,WT,F2,KT | 2 Bedroom |
| M | SC23 | SW2 | M | 0383 | 02,SS,QU,TW,SK,  ,WD,WT,F2,KT | 2 Bedroom |
| 11 | SC32 | SW3L | M | 8167 | 03,NS,LF,F3,SS,QU,TW,TW,WD,KT | 3 Bedroom |
| 12 | SC34 | SW3L | M | 0438 | 03,SS,QU,TW,TW,SK,WD,WT,F3,LF | 3 Bedroom Loft |
| 13 | SD12 | SW2 | M | 0849 | 02,SS,QU,TW,DW,WD,FP,SK,KT,P1 | 2 Bedroom |
| 14 | SD13 | SW2 | M | 7133 | 02,SS,QU,TW,NS,WD,WT,F2,KT, | 2 bedroom non smoke |
| 15 | SD14 | SW2 | M | 0216 | 02,SS,QU,TW,SK,  ,WD,WT,F2,KT | 2 Bedroom |
| 16. | SD23 | SW2 | M | 0369 | 02,SS,QU,TW,FT,F2,DW,KT.  , | two bedroom |
| 17 | SD24 | SW2 | M | 7356 | 02,SS,QU,TW,SK,  ,WD,WT,F2,KT | 2 Bedroom |
| 18 | SE11 | SW2 | M | 5076 | 02,DW,QU,TW,SS,KT,NS,F1,WT,   | 2 B/room non-smoke |
| 2 | SE13 | SW2 | M | 1297 | 02,SS,QU,TW,SK,  ,WD,WT,F1,KT | 2 Bedroom |
| 3 | SE14 | SW2 | M | 5791 | 02,SS,QU,TW,SK,  ,WD,WT,F1,KT | 2 Bedroom |
| 4 | SE15 | SW2 | M | 7353 | 02,SS,CH,TW,SK,  ,WD,WT,F1,KT | 2 Bedroom |
| 5 | SE21 | SW2 | M | 2141 | 02,SS,KG,TW,SK,  ,WD,WT,F2,KT | 2 Bedroom |
| 6 | SE23 | SW2 | M | 8985 | 02,SS,QU,TW,SK,  ,WD,WT,F2,KT | 2 Bedroom |
| 7 | SE34 | SW3L | M | 3698 | 03,SS,QU,TW,BB,SK,WD,WT,F3,LF | 3 Bedroom Loft |
| 8 | SE35 | SW3L | M | 0431 | 03,SS,QU,TW,TW,SK,WD,WT,F3,LF | 3 Bedroom Loft |
| 9 | SE36 | SW3L | M | 1135 | 03,SS,QU,TW,TW,SK,WD,WT,F3,LF | 3 Bedroom Loft |
| 10 | SF11 | SU2 | M | 0388 | 02,SS,CH,TW,SK,  ,WD,ST,F1,KT | 2 Bedroom |
| 11 | SF13 | SU2 | M | 0154 | 02,SS,CH,TW,SK,  ,WD,ST,F1,KT | 2 Bedroom |
| 12 | SF14 | SU2 | M | 0782 | 02,SS,CH,TW,SK,  ,WD,ST,F1,KT | 2 Bedroom |
| 13 | SF21 | SU2 | M | 0483 | 02,SS,QU,TW,SK,  ,WD,ST,F2,KT | 2 Bedroom |
| 14 | SF22 | SU2 | M | 0477 | 02,SS,QU,TW,SK,  ,WD,ST,F2,KT | 2 Bedroom |
| 15 | SF24 | SU2 | M | 0448 | 02,SS,QU,TW,SK,  ,WD,ST,F2,KT | 2 Bedroom |
| 16 | SG11 | SU1 | M | 3660 | 01,SS,QU,SK,  ,  ,WD,ST,F1,KT | 1 Bedroom |
| 17 | SG13 | SU1 | M | 3515 | 01,SS,QU,SK,  ,  ,WD,ST,F1,KT | 1 Bedroom |
| 18 | SG15 | SU1 | M | 0279 | 01,SS,QU,SK,  ,  ,WD,ST,F1,KT | 1 Bedroom |